UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-80188-CIV-Cannon/Reinhart

ANDREW BURKI,

                Plaintiff,

vs.

CITY OF DELRAY BEACH, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES (ECF NO. 48)

Currently before me is Defendants' Motion for Attorneys' Fees. ECF No. 48. This motion was referred to me by the Honorable Aileen M. Cannon. ECF No. 49. Plaintiff, who defaulted in the underlying action, has not filed a response to Defendants' motion and the time for doing so has expired. For the reasons stated below, I **RECOMMEND** that Defendants' motion be **DENIED.**

## BACKGROUND

Plaintiff brought this civil rights action alleging defamation and violations of 42 U.S.C. §§ 1981, 1983. The Amended Complaint alleges that Defendant Lucas, a detective in the City of Delray Beach's Police Department, made false statements about Plaintiff on social media that contributed to his detention in a criminal matter

pending in New Jersey. ECF No. 42.[1] Defendants moved to dismiss the Amended Complaint (ECF No. 45) and when Plaintiff failed to respond to that motion, Judge Cannon granted the motion by default, dismissed the Amended Complaint without prejudice, and closed the case. ECF No. 47.

With the instant motion, Defendants contend that they are the prevailing parties and seek recovery of their attorneys' fees under 42 U.S.C. § 1988.

## DISCUSSION

Generally speaking, in American litigation each party in a lawsuit bears its own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, there are statutory exceptions, such as those contained in 42 U.S.C. § 1988, which authorize the award of attorney's fees in certain circumstances.

The statute provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The Supreme Court has held that "[w]hen a defendant is the prevailing party on a civil rights claim . . . district courts may award attorney's fees if the plaintiff's claim was frivolous, unreasonable, or groundless, or if the plaintiff continued to litigate after it clearly became so." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) (internal quotations omitted).

---

[1] Plaintiff filed his Amended Complaint in accordance with Judge Cannon's prior order dismissing his initial Complaint without prejudice. ECF No. 41.

Here, Defendants make the conclusory assertion that "As the prevailing parties in this action, [they] are entitled to seek their attorneys' fees . . ." ECF No. 48 at 7. However, I find that Defendants have failed to make the threshold showing of establishing that they are the prevailing parties.

"The Supreme Court, considering the fee-shifting provisions in numerous federal statutes that allow courts to award attorney's fees and costs to the 'prevailing party,' has recognized that a [party] is a prevailing party only when she obtains either (1) a judgment on the merits, or (2) a settlement agreement enforced through a consent decree." *Sream, Inc. v. K & R of WPB, Inc.*, No. 17-CV-80222, 2017 WL 6409015, at *1 (S.D. Fla. June 26, 2017) (quoting *Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013) (citing *Buckhannon*, 532 U.S. at 603-604). "The *Buckhannon* Court reasoned that a prevailing party needs a judgment or consent decree to prove that there has been an 'alteration in the legal relationship of the parties.'" *Wolf*, 545 F. App'x at 793 (quoting *Buckhannon*, 532 U.S. at 605).

By contrast, "'a dismissal without prejudice does not materially alter the legal relationship of the parties, because the defendant remains subject to the risk of re-filing,' and, thus, does not constitute an adjudication on the merits that would entitle a defendant to prevailing-party status." *Precision Transducer Sys. v. STFO Trading LLC*, No. CV094245JFWPJWX, 2010 WL 11601580, at *1 (C.D. Cal. Aug. 13, 2010) (quoting *United States of America v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009) (holding that defendants were not prevailing party for purposes of award of attorney's fees under the EAJA where claims had been dismissed without prejudice)). *See also*

*Dunster Live, LLC v. LoneStar Logos Mgmt. Co., LLC*, 908 F.3d 948, 951 (5th Cir. 2018) ("A dismissal without prejudice means no one has prevailed; the litigation is just postponed with the possibility of the winner being decided at a later time in a new arena."); *Sream, Inc. v. Smoke This Too, LLC*, No. 16-CV-61439, 2017 WL 3025864, at *3 (S.D. Fla. July 14, 2017) (Defendant was not the prevailing party for purposes of attorneys' fees because "no judgment has been entered in favor of Defendant" and "Plaintiff's claims were dismissed without prejudice, allowing Plaintiff the ability to re-file in the future").[2]

Notably absent from the docket in this case is a judgment on the merits or a consent decree. Rather, Judge Cannon dismissed the lawsuit without prejudice, thus allowing Plaintiff to refile it. Given that there has been no alteration in the legal relationship of the parties, I cannot find that Defendants are the prevailing parties for purposes of recovering their attorneys' fees.

## RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that the District Court **DENY** Defendants' Motion for Attorneys' Fees (ECF No. 48).

---

[2] "Florida cases have routinely applied these same principles. The 'prevailing party', for purposes of attorney's fees, is a party that the trial court determines prevailed on significant issues in the litigation . . . [i]t is undeniable that, when there is a dismissal of a case without prejudice, Florida law does not confer prevailing party status on the successful movant." *Sanchez v. Swire Pac. Holdings, Inc.*, No. 09-20235-CIV, 2009 WL 2005272, at *4 (S.D. Fla. July 9, 2009) (citations omitted).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 16th day of December, 2022 at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
United States Magistrate Judge